# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0965V
(not to be published)

| | |
|---|---|
| JENNIFER GREGORINO,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Date: October 31, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 18, 2017, Jennifer Gregorino ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") and/or other injuries caused-in-fact by the seasonal influenza vaccination she received on October 21, 2016. (Petition at 1, ¶¶ 2, 16). The parties filed a stipulation for damages on July 18, 2019, in which a decision was issued

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

by then-Chief Special Master Nora Beth Dorsey, awarding compensation to Petitioner. (ECF No. 68).

On August 20, 2019, Petitioner filed a motion for attorney's fees and costs. (ECF No. 72), requesting fees in the amount of $54,786.45 and costs in the amount of $5,172.02. (*Id.* at 1). In accordance with General Order #9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 72-3). Thus, the total amount requested is $59,958.47. Respondent filed his response on August 29, 2019, indicating he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, deferring to the Court's discretion to determine the amount to be awarded. (ECF No. 73). On August 29, 2019, Petitioner filed a reply stating, "she does not intend to file any substantive reply." (ECF No. 74).

For the reasons set forth below, I hereby GRANT in part Petitioner's motion awarding final attorney's fees and costs in the amount of **$54,479.82.**

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).3 The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. Hensley v. Eckerhart, 461 U.S. 424, 429-37 (1983).

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. In reviewing the billing invoices, I note numerous entries where filings were continuously reviewed by multiple attorneys and staff at the firm of Black McLaren Jones

Ryland & Griffee, including "CJW", "SRW" and "MGM".  No explanation was given to for the aspect of the necessity or reasoning of having three people review over 75 docket entries.

Further review of the billing records shows that a number of entries are billed for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).  Multiple entries by "SRW" and "CMG" include time billed on tasks that are considered administrative including scanning, saving, receiving documents and forwarding invoices for payment.  By including these tasks with other billable items, I can not decipher the amount spent on the tasks that are simply administrative.  Therefore, I will reduce the overall request for fees by 10%, awarding attorney's fees in the amount of **$49,307.80**, an overall reduction of $5,478.65.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable.  *Pereira, 27 Fed. Cl. At 34*; *Presault v. United States,* 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.,* No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).  Petitioner requests costs in the amount of $5,172.02. This includes costs for medical records, expert costs, and travel. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. The request for costs shall be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$54,479.82** (representing $49,307.80 in fees and $5,172.02 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. Michael G. McLaren, Esq. In the absence of a

timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.